**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**VERNON A. MESSIER,**

    **Plaintiff,**

**v.**                                                                **Case No. 8:05-cv-1421-T-30TBM**

**JO ANNE B. BARNHART,
Commissioner of the United States
Social Security Administration,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on referral by the Honorable James S. Moody for a Report and Recommendation on Plaintiff's **Motion for Award of Attorney's Fees Pursuant to the Equal Assess to Justice Act 29 U.S.C. § 2412** (Doc. 11).[1] The Defendant filed a response indicating that she does not object to Plaintiff's request for fees (Doc. 14). Upon review of the pleadings, it is recommended that Plaintiff's motion be GRANTED.

I.

Plaintiff filed an application for Social Security disability benefits and/or Supplemental Security Income payments, which was denied initially and upon reconsideration. The ALJ conducted a hearing and denied Plaintiff benefits, and the Appeals Council denied review. Subsequently, the Plaintiff filed this action seeking judicial review. On February 10, 2006, after Plaintiff filed his memorandum in opposition to the Commissioner's decision, the Commissioner filed a motion seeking an order remanding

---

[1] Plaintiff also seeks reimbursement of the $150.00 filing fee.

Plaintiff's case for further development. (Doc. 8). On February 22, 2006, the district judge granted the motion and directed the Clerk to enter Judgment in favor of the Plaintiff. (Doc. 9). Judgment in favor of Plaintiff was entered on February 28, 2006. (Doc. 10).

II.

The EAJA requires a court to award attorney's fees and costs to any party prevailing in litigation against the United States including proceedings for judicial review of agency action, unless the court determines that the position of the United States was substantially justified or that special circumstances exist that make an award unjust. 28 U.S.C. § 2412(d)(1)(A). Three conditions must be established before an award under the EAJA is appropriate: (1) the claimant must file a timely application for fees; (2) the claimant must qualify as the prevailing party; and (3) the government's positions must not be "substantially justified," and no other special circumstances exist to make an award unjust. Myers v. Sullivan, 916 F.2d 659, 666 (11th Cir. 1990).

An award under the EAJA is appropriate in this case. First, judgment in this case is final and Plaintiff's motion for fees is ripe for consideration.[2] Next, in a Social Security action, a party who wins a remand order pursuant to sentence four of 42 U.S.C. § 405(g) is considered a prevailing party for purposes of 28 U.S.C. § 2412(d)(1)(A). Shalala v. Schaefer, 509 U.S. 292, 300-02 (1993). Because this court remanded Plaintiff's case pursuant to

---

[2]The first requirement, that the fee application be filed within thirty days of the final judgment, is jurisdictional in nature. See 23 U.S.C. § 2412(d)(1)(B); Myers, 916 F.2d at 666 (citing Haitian Refugee Ctr. v. Meese, 791 F.2d 1489, 1494 (11th Cir.), vacated in part on other grounds on reh'g, 804 F.2d 1573 (11th Cir. 1986). A "final judgment" is one that is no longer appealable. See 28 U.S.C. § 2412(d)(2)(G); Melkonyan v. Sullivan, 501 U.S. 89 (1991). Since a judgment is no longer appealable sixty days after entry of judgment in Social Security actions, a plaintiff has ninety days from the date of entry of judgment in which to file for EAJA fees. See Fed. R. App. P. 4(a); Myers, 916 F.2d at 672.

sentence four of 42 U.S.C. § 405(g), Plaintiff, under Schaefer, is the prevailing party. Finally, upon consideration, the Commissioner's position was not substantially justified in this case, and counsel for the Commissioner does not suggest otherwise. Therefore, an award of fees under EAJA is proper.

In awarding attorney's fees, the primary factors to consider are the time expended and the hourly rate. Andrews v. United States, 122 F.3d 1367, 1375 (11th Cir. 1997) ("The starting point for determining a reasonable fee award is multiplying the number of attorney hours reasonably expended by a reasonable hourly rate."). Plaintiff seeks a fee totaling $1,769.00 based on 12.2 hours worked from 2005 through 2006 at an enhanced rate of $145.00 per hour. Plaintiff does not address whether this hourly rate reflects cost of living increases from the 1996 EAJA amendments to the time the work was performed on the instant motion, as reflected by the Consumer Price Index. Rather, counsel indicates only that his regular hourly rate is $145.00. See (Doc. 12, ¶ 7).

Upon consideration, the undersigned nonetheless finds that increases in the cost of living justify enhancement of the $125.00 hourly rate established by the EAJA. Previously, the undersigned found $138.00 to be the prevailing market rate during the relevant time frame. See George v. Massanari, Case No. 8:00-cv-369-T-TBM (M.D. Fla. June 22, 2001). More recently, the undersigned found $147.00 to be the prevailing market rate in Social Security cases for work performed from June 2003 forward. See Phillips v. Barnhart, Case No. 8:03-cv-949-T-TBM (M.D. Fla. December 17, 2004). Here, Plaintiff's counsel performed a total of 12.2 hours of work in 2005-2006. See (Doc. 12 at 2-3). In light of the undersigned's previous rulings regarding enhanced fees in Social Security cases, Plaintiff's counsel is entitled to an hourly rate of $145.00 for work performed in this case. The total hours expended by Plaintiff's counsel are reasonable.

Accordingly, it RECOMMENDED that the court GRANT Plaintiff's **Motion for Award of Attorney's Fees Pursuant to the Equal Assess to Justice Act 29 U.S.C. § 2412** (Doc. 11). It is RECOMMENDED further that Plaintiff's counsel be awarded attorney's fees in the amount of $1769.00 and costs in the amount of $150.00.

                                           Respectfully submitted this
                                           13th day of June 2006.

                                        THOMAS B. McCOUN III
                                        UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a <u>de novo</u> determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; <u>see also</u> Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies furnished to:
The Honorable James S. Moody, United States District Judge
Counsel of Record